UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CARMEN EULALIA HERNANDEZ DEL RIO    CIVIL ACTION NO. 22-cv-5260

VERSUS                              JUDGE TERRY A. DOUGHTY

PPT, INC, ET AL                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Carmen Hernandez Del Rio ("Plaintiff") filed a wrongful death and survival action in state court. She alleged that her husband, Flavio, was killed in a construction accident in Louisiana. Plaintiff asserted claims on her own behalf as well as on behalf of her minor daughter, Andy Valentina De La Cruz Hernandez.

Defendants removed that case based on an assertion of diversity jurisdiction, which puts the burden on them to assert facts that demonstrate complete diversity of citizenship and the requisite amount in controversy. The three defendants alleged that they are corporations that, in accordance with applicable rules, are citizens of Louisiana, North Carolina, and Texas. The amount in controversy is not in doubt.

Defendants allege that Plaintiff alleges in her amended petition that she is a "resident of Mexico" and is therefore a citizen of Mexico for diversity jurisdiction purposes. First, for purposes of diversity, Plaintiff's citizenship is determined by her domicile and not mere residency. Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). A person's domicile is the place of her true, fixed, and permanent home and principal

establishment, to which she has the intention of returning whenever she is absent from that place. Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974). Accordingly, Defendants will have to assert with specificity that Plaintiff is domiciled in Mexico to establish that she is a citizen of that country. They should also clarify whether or not she is a United States citizen who merely lives in Mexico. United States citizens who are domiciled abroad are considered stateless and spoil complete diversity. Newman-Green, Inc. v. Alfonzo-Larrain, 109 S.Ct. 2218 (1989); Creel v. Johnson, 2018 WL 1722390 (W.D. La. 2018) (recommending remand when one party was a U.S. citizen domiciled in South Korea).

Defendants should keep in mind that the district courts have original jurisdiction over cases between "citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. 1332(a)(2). Courts looks to a foreign person's official immigration status to determine whether he or she has been admitted to the United States for permanent residence. Langley v. Sheraton Operating Corp., 2021 WL 5371146, *2 (E.D. La. 2021). It is unknown to the court whether this provision is potentially applicable, but it is mentioned out of an abundance of caution to ensure that jurisdiction is established before the case proceeds on the merits.

Defendants also need to allege with specificity the citizenship of Plaintiff's minor child. The child is not named in the caption of the amended petition or the list of parties, but ¶¶ 16-19 make an assertion of survival and wrongful death claims on behalf of both

Plaintiff and her child. The legal representative of the estate of an infant is deemed to be a citizen only of the same state as the infant. 28 U.S.C. § 1332(c)(2).

The caption of the amended petition and its opening paragraph state that the plaintiff is Carmen "on behalf of" the deceased Flavio. If Plaintiff were truly appearing as a representative of Flavio's estate, that would require an allegation of Flavio's citizenship as well. See § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"). But the first class of persons who may bring wrongful death and survival claims under Louisiana law are the surviving spouse and the child or children of the deceased. Chief Judge Hicks has held that such persons do not bring the claims in a representative capacity, so the citizenship of the deceased is not relevant to diversity jurisdiction. Foster v. Jeter, 2020 WL 1015774 (W.D. La. 2020).

Defendants are directed to file an amended notice of removal by **October 12, 2022** and attempt to meet their burden of establishing diversity of citizenship based on the rules discussed above. Defendants may not have access to all information about the domicile and immigration status of the relevant persons, so counsel for Plaintiff is directed to cooperate in providing the necessary information promptly so that jurisdiction can be resolved. If any of the relevant facts are uncertain or contested, the parties may seek an extension of the deadline and ask for leave to conduct preliminary discovery on these issues.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of September, 2022.

Mark L. Hornsby
U.S. Magistrate Judge